

PRICE DANIEL
ATTORNEY GENERAL

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

April 24, 1951

Hon. Wm. Schneider, Jr.
County Attorney
Gillespie County
Fredericksburg, Texas

Opinion No. V-1169

Re: Scope of the term "lateral roads" as used in Section 2, Art. 7048a, V.C.S., the enabling act to levy county ad valorem taxes for farm-to-market and lateral roads.

Dear Sir:

Your request for an opinion reads in part as follows:

"In construing Article 7048a, Section 2, Title 122, Revised Civil Statutes of the State of Texas, Acts 1949, 51st Legislature, what roads are included in the term 'Lateral Roads' as used in this article and section?"

The pertinent provisions of Section 1-a of Article VIII of the Constitution of Texas are as follows:

"From and after January 1, 1951, no State ad valorem tax shall be levied upon any property within this State for general revenue purposes. From and after January 1, 1951, the several counties of the State are authorized to levy ad valorem taxes upon all property within their respective boundaries for county purposes, except the first Three Thousand Dollars ($3,000) value of residential homesteads, not to exceed thirty cents (30¢) on each One Hundred Dollars ($100) valuation, in addition to all other ad valorem taxes authorized by the Constitution of this State, <u>provided the revenue derived therefrom shall be used for construction and maintenance of Farm to Market Roads or for Flood Control</u>, except as herein otherwise provided." (Emphasis added.)

Pursuant to the above quoted provisions of the Texas Constitution, the Legislature enacted Article 7048a, V.C.S. Section 2 thereof provides:

"From and after January 1, 1951, the several counties of the State be and they are hereby authorized to levy, assess and collect ad valorem taxes upon all property within their respective boundaries for county purposes, except the first Three Thousand Dollars ($3,000) value of residential homesteads, not to exceed thirty cents (30¢) on each One Hundred Dollars ($100) valuation, in addition to all other ad valorem taxes authorized by the Constitution of the State, provided the revenue therefrom shall be used as provided in this Act for the construction and maintenance of Farm-to-Market and Lateral Roads or for Flood Control and for these two (2) purposes only." (Emphasis added.)

It is noted that Section 1-a of Article VIII, Constitution of Texas, states that revenue derived from the thirty cents tax provided therein "shall be used for the construction of Farm to Market Roads or Flood Control." It was held in Attorney General's Opinion V-797 (1949) that House Bill 107 of the 51st Legislature "must be subordinate to the constitutional provision and in furtherance of its purpose, and must not in any particular attempt to narrow or embarrass it." It was further held that the revenues derived from the tax money could only be expended for two purposes: (1) farm-to-market roads, and (2) flood control. House Bill 107 was enacted as Article 7048a, V.C.S.

Article 7048a authorizes the expenditure of the tax money provided therein for only one class or type of roads, namely, "Farm-to-Market and Lateral Roads." This phrase is synonymous with the "Farm to Market Roads" phrase used in Section 1-a of Article VIII of the Constitution. Any other construction would render that portion of Article 7048a relating to "Lateral Roads" unconstitutional.

We are supported in this conclusion by the fact that the Legislature in referring to the funds to which taxes authorized by Article 7048a and Section 1-a of Article VIII of the Constitution may be created refers throughout the act to two funds, namely, the farm-to-market and lateral road fund and the flood control fund.

Nowhere is there a distinction made between "Farm to Market" and "Lateral" roads.

You are advised, therefore, that "Farm-to-Market and Lateral Roads" include both farm to market roads designated as such by the State Highway Commission and farm to market roads of the county. Farm to market and lateral roads therefore constitute any public road of the county leading either directly or indirectly from the farms to some market exclusive of designated State Highways. We are supported in this contention by Hastings v. Pfeiffer, 184 Ark. 952, 43 S.W.2d 1073, 1074 (1931), in which the Supreme Court of Arkansas held:

> "We have been unable to find in any text or decision of any court where the expression 'farm-to-market' roads has been given a definition, but we are of the opinion that the expression as used in the act of 1931 means any of the public highways of the county leading either directly to, or intersecting, the state highways leading to markets, and under the proof in, the case the circuit judge correctly found 'that all of the highways in the county road system of Clay County, Arkansas, lead from the farm to some market' in said county.' They were therefore 'farm-to-market' roads."

We have conferred with the State Highway Department with reference to its Departmental construction of the phrase "Farm-to-Market and Lateral Roads," and you are advised that its Departmental interpretation is in accord with that expressed in this opinion.

## SUMMARY

"Farm-to-Market and Lateral Roads" provided for by Article 7048a, V.C.S., is synonymous with "Farm to Market Roads" in Section 1-a of Article VIII of the Constitution of Texas and constitutes any public road of the county leading either directly or indirectly from a farm to market, exclusive of designated

Hon. Wm. Schneider, Jr., page 4   (V-1169)


State Highways. Hastings v. Pfeiffer, 184 Ark. 952, 43 S.W.2d 1073, 1074 (1931).

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

JR:mw

Yours very truly,

PRICE DANIEL
Attorney General

By John Reeves
John Reeves
Assistant